*424 The opinion of the Court was delivered by
Poems J.
The facts of this case are as follows:
Madison Carroll, who was separated in property, by judgment, from his wife, Elizabeth A. Carroll, died intestate in 1867, leaving five minor children, issue of his marriage with said surviving- wife.
Among other assets of his succession, was a claim of $4,625.68 against Robert Stotliard, secured by mortgage on a tract of land, which his widow seized in execution of the claim, and which was adjudicated to her in August, 1868, for $2,450.
After the death of Mrs. Carroll, who, in the meantime had sold one-half of this land, which forms a, part of the Town of Conshatta, to M. H. Twitcliell, the remainder was inventoried as belonging to her succession, of which Madison Carroll, Jr., one of the plaintiffs herein, was one of the executors; and at a probato sale in October, 1877, was adjudicated to J. II. Scheen, one of the defendants in this case.
Plaintiffs, three of the five heirs of Madison Carroll, now of age, alleging that the purchase made by their mother in August, 1868, was made in her capacity of tutrix, for the account and benefit of her minor children, claim to be the owners of three-fifths of the half of that land which they allege to have been illegally sold in 1877, as the property of their mother.
Mrs. Lisso and Mrs. Scheen, to whom the property has been transferred since the institution of this suit, intervene and join the defendant, in maintaining the legality of the latter’s purchase, which rests on the allegation that the purchase of Mrs. Carroll, in 1868, was for her own personal and individual account, and not in her capacity of tutrix, or for the account and benefit of her children.
In the sheriff’s deed of the adjudication made by him in August, 1868, of this property, in the suit of Elizabeth A. Bolden, (Carroll) tutrix, etc. vs. Robert Stotliard, the sheriff recites that, “ Mrs. Elizabeth A. Bolden, widow of Madison Carroll, by her agent, T. W. Abney, being the last and highest bidder, became the purchaser thereof,” etc., etc. Wherefore, the said sheriff declares that he sells, transfers and delivers unto said Elizabeth A. Bolden, all the right, title and interest, etc., * * in said land and property. This deed is signed by the sheriff, and by Mrs. E. A. Carroll, u tutrix and plaintiff,” and was registered in the conveyance office on August 13,1868, in the. Parish of Natchitoches, and on November 27, 1878, in the conveyance office of the Parish of Red River, a new Parish, taken in part from Natchitoches.
In his return on the writ of seizure and sale, the sheriff recites that the adjudication was made to Elizabeth A. Bolden, tutrix, and that the. purchase price, less costs, was retained by her in her capacity of tutrix of the minor children of Madison Carroll, etc.
*425 The same declaration, as to the purchase price, was contained in his deed.
Relying upon the recital in the sheriff’s return, on the fact that Mrs. Carroll signed the sheriff’s deed in her capacity of tutrix, and on the additional fact that the claim on which execution had issued was the separate property of their father, plaintiffs contend that the purchase was made for their account, and that having ratified the same at their age of majority, they are joint owners of the property.
No importance can be attached in law to the fact that Mrs. Carroll signed the deed in her capacity of tutrix and plaintiff, because the deed is complete without the signature or formal acceptance of the purchaser.
The law (C. P. Art. 692) requires the sale to be made by, and in the name of the sheriff of the Parish where the seizure was made, to be signed by him in his official capacity, with a mention of the place, the day,, the month and the year in which was passed.
It is thus apparent, that the deed is intended to be an official document, deriving its vitality and authenticity from the signature of the sheriff, and that the law does not require or even contemplate the participation of the purchaser, whose signature can add to, or detract no force from the act. Hence, the signature of Mrs. Carroll, in her fiduciary capacity, could not alter or modify the sheriff’s declaration in the body of the instrument, as to the description of the purchaser, and for the purposes of this case, her signature is to be considered as unattached to the deed.
As there is a variance between the sheriff’s return, and his deed of sale, the question for solution in the ease is, therefore, which of the two instruments must prevail. >
A careful examination and comparison of the various Articles of the Codo of Practice, on the subject, as expounded by this Court in several decisions, has led us to the conclusion that, in such a case, the sheriff’s deed must prevail. His return on the writ is a mere recital or account of the manner in which he has executed the mandate of the court, whereas the deed must contain that same recital, and must conclude by a sale of the property to the highest bidder ; the return is to be filed with the papers in the cause, the deed must be recorded in the proper office, and delivered to the purchaser, and is declared to be the muniment of the latter’s title.
In the case of Durnford vs. Degruys, 8 M. 222, this Court said: “The law requires the sheriff to make out and deliver a deed of sale to the ' buyer, and this is the period at which the property passes; till then the conveyance is inchoate.”
The same doctrine was recognized in 11 M. 675, Dufour vs. Cam *426 frane, and in 14 L. 22, Baily vs. Percy, where the Court, affirming- the decision in 11 M., used the following language: “ The sheriff’s sale is the last act under the execution, and the only one which fixes the condition of the purchaser under it.” See also, 29 A. 607, Hunter vs. Buckner & Bro.
In fact, it is almost elementary, that the rights of the purchaser at an execution sale, are to be tested under the terms of the sheriff’s deed, which is the legal proof required by law of the adjudication, under which the rights and titles of the seized debtor are transferred to the purchaser.
Under the deed in this case, the property was acquired by Mrs. Carroll, personally ; it was properly inventoried as her property, and under the sale of October, 1877, the titles of her succession were legally transferred to Seheen.
Admitting that the mortgage claim of $4,625 was the separate property of Carrol], which is denied by-defendants, this can be of no avail to plaintiffs, and can operate no injury to defendants.
As tutrix, Mrs. Carroll had the right to retain the amount of her purchase price, for which she became personally indebted to her children, who remained creditors of the debtor, Stothard, for the unsatisfied balance of the claim, the difference between $2,450 and $4,625.
The long list of authorities quoted by plaintiffs, for the purpose of showing that minors may, when they become of age, ratify contracts made in their behalf, or revendicate their property illegally alienated, can have no application to this case, which presents for issue, only the-question which we have solved in this opinion.
On plaintiffs’ own suggestion, a judgment of non-suit was entered against them, for another piece of property which they had claimed in this suit, as belonging to their father’s succession.
The judgment of the lower court, in favor of defendants, is, therefore, affirmed at appellants’ costs.
Mr, Justice Levy recused.